**FREEMAN MATHIS & GARY, LLP**
**Attorneys at Law**
**By:     JENNIFER L. WARD, ESQUIRE**
**         CHRISTOPHER M. CURCI, ESQUIRE**
**Attorney ID Numbers: 85019/309820**
**1800 John F. Kennedy Blvd.**
**Suite 1500**
**Philadelphia, PA 19103**
**Phone: (267) 758-6009**
**Fax: (267) 239-0050**
**Emails: jward@fmglaw.com/ccurci@fmglaw.com**
**Attorneys for Defendant, National Board of Osteopathic Medical Examiners, Inc.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY A. STEIN,<br><br>                         Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF OSTEOPATHIC<br>MEDICAL EXAMINERS, INC.,<br><br>                         Defendant. | Civil Action No: 2:16-cv-04119-TJS<br><br><br><br>ANSWER TO COMPLAINT |

Defendant, National Board of Osteopathic Medical Examiners, Inc. (the "Defendant"), by and through its undersigned counsel, hereby submits this Answer to Plaintiff's, Stanley A. Stein ("Plaintiff"), Complaint and avers as follows:

### Parties

1.     After reasonable investigation Defendant lacks sufficient knowledge or information regarding the truth of the allegations contained in paragraph 1, except Defendant admits that Plaintiff is an adult individual and he was employed by Defendant for two days, April 22-23, 2013.  Except as admitted, these allegations are therefore denied.

2.     Admitted.

## Factual Allegations

3.      After reasonable investigation Defendant lacks sufficient knowledge or information regarding the truth of the allegations contained in paragraph 3.  They are therefore denied.

4.      After reasonable investigation Defendant lacks sufficient knowledge or information regarding the truth of the allegations contained in paragraph 4.  They are therefore denied.

5.      After reasonable investigation Defendant lacks sufficient knowledge or information regarding the truth of the allegations contained in paragraph 5.  They are therefore denied.

6.      After reasonable investigation Defendant lacks sufficient knowledge or information regarding the truth of the allegations contained in paragraph 6.  They are therefore denied.

7.      It is admitted only that in December 2012 Plaintiff attended a recruitment and information session of Defendant for the position of Standardized Patient.   The remaining allegations and characterizations in paragraph 7 are denied.

8.      Defendant denies the allegations in paragraph 8.

9.      It is admitted only that Plaintiff attended a recruitment and information session of Defendant.  The remaining allegations and characterizations of paragraph 9 are denied.

10.      Defendant denies the allegations in paragraph 10.

11.      Defendant denies the allegations in paragraph 11.

12.      Defendant denies the allegations in paragraph 12.

13.      Defendant denies the allegations in paragraph 13.

14.     Admitted only that Plaintiff attended training on April 22, 2016.  The remaining allegations and characterizations of paragraph 14 are denied.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

22.     After reasonable investigation Defendant lacks sufficient knowledge or information regarding what Plaintiff may have thought or the truth of the allegations contained in paragraph 22.  They are therefore denied.

23.     Defendant denies the allegations in paragraph 23.

24.     After reasonable investigation Defendant lacks sufficient knowledge or information regarding what Plaintiff may have believed or the truth of the allegations contained in paragraph 24.  They are therefore denied.  It is specifically denied that Plaintiff was set up to fail by Defendant.

25.     Admitted.

26.     Defendant denies the allegations in paragraph 26.

27.     The allegations of paragraph 27 comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

28.     After reasonable investigation Defendant lacks sufficient knowledge or information regarding the truth of the allegations contained in this paragraph.  They are therefore denied.

29.     Admitted only that Defendant's Position Statement submitted to the EEOC is a document that speaks for itself.  All other allegations or characterizations of paragraph 29 are denied.

30.     Admitted only that Defendant's Position Statement submitted to the EEOC is a document that speaks for itself.  All other allegations or characterizations of paragraph 30 are denied.

31.     Admitted only that Defendant's Position Statement submitted to the EEOC is a document that speaks for itself.  All other allegations or characterizations of paragraph 31 are denied.

32.     Admitted only that Defendant's Position Statement submitted to the EEOC is a document that speaks for itself.  All other allegations or characterizations of paragraph 32 are denied.

33.     Admitted only that Defendant's Position Statement submitted to the EEOC is a document that speaks for itself.  All other allegations or characterizations of paragraph 33 are denied.

34.     Admitted only that Defendant's Position Statement submitted to the EEOC is a document that speaks for itself.  All other allegations or characterizations of paragraph 34 are denied.

35.     The allegations of paragraph 35 are not made in accordance with the Pennsylvania Rules of Civil Procedure and the Federal Rules of Civil Procedure in that it fails to state material

facts in a concise and summary form, thereby making it impossible for Defendant to submit an adequate response. By way of further answer, the allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. They are therefore denied.

36. The allegations of paragraph 36 are not made in accordance with the Pennsylvania Rules of Civil Procedure and the Federal Rules of Civil Procedure in that it fails to state material facts in a concise and summary form, thereby making it impossible for Defendant to submit an adequate response. By way of further answer, the allegations of this paragraph comprise conclusions of law to which no responsive pleading is required. They are therefore denied.

37. After reasonable investigation Defendant lacks sufficient knowledge or information regarding the truth of the allegations contained in this paragraph. They are therefore denied.

WHEREFORE, Defendant, the National Board of Osteopathic Medical Examiners, Inc., requests the Court enter judgment in favor of Defendant and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

## COUNT I - DISCRIMINATION

38. Defendant incorporates the foregoing answers as well as all of the following answers as if they were set forth herein at length, in response to paragraph 38.

39. The allegations of paragraph 39 comprise conclusions of law to which no responsive pleading is required. In the event a response is required, these allegations are denied.

40. The allegations of paragraph 40 comprise conclusions of law to which no responsive pleading is required. In the event a response is required, these allegations are denied.

41. The allegations of paragraph 41 comprise conclusions of law to which no responsive pleading is required. In the event a response is required, these allegations are denied.

WHEREFORE, Defendant, the National Board of Osteopathic Medical Examiners, Inc., requests the Court enter judgment in favor of Defendant and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

## COUNT II – ADA & ADEA

42.     Defendant incorporates the foregoing answers as well as all of the following answers as if they were set forth herein at length in response to paragraph 42.

43.     The allegations of paragraph 43 comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

44.     The allegations of paragraph 44 comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

WHEREFORE, Defendant, the National Board of Osteopathic Medical Examiners, Inc., requests the Court enter judgment in favor of Defendant and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

## COUNT III – NEGLIGENCE PER SE

45.     Defendant incorporates the foregoing answers as well as all of the following answers as if they were set forth herein at length in response to paragraph 45.

46.     The allegations of paragraph 46 comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

47.     The allegations of paragraph 47 comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

48.     The allegations of paragraph 48 comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

WHEREFORE, Defendant, the National Board of Osteopathic Medical Examiners, Inc.,

requests the Court enter judgment in favor of Defendant and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT & WRONGFUL TERMINATION

49.     Defendant incorporates the foregoing answers as well as all of the following answers as if they were set forth herein at length in response to paragraph 49.

50.     The allegations of paragraph 50 comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

51.     The allegations of the second paragraph numbered "47" comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

52.     The allegations of second paragraph number "48" comprise conclusions of law to which no responsive pleading is required.  In the event a response is required, these allegations are denied.

WHEREFORE, Defendant, the National Board of Osteopathic Medical Examiners, Inc., requests the Court enter judgment in favor of Defendant and against Plaintiff, including attorney's fees, court costs, and any other relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims for damages are barred to the extent that Plaintiff failed to properly mitigate his damages.

3.     Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

4.     The Defendant affirmatively asserts that it engaged in good faith efforts to comply with the law.

5.     Plaintiff's claims are barred by the doctrines of laches and estoppel.

1689649_1.docx

6.    Plaintiff's claims are barred by the statute of limitations.

7.    Plaintiff's claims are not timely for failure to file suit within 90 days of receiving the "Dismissal and Notice of Rights" from the EEOC.

8.    Defendant affirmatively asserts that Defendant's actions were undertaken for just cause.

9.    Defendant's actions were taken for legitimate, non-discriminatory, non-retaliatory reasons.

10.   Even if Plaintiff is able to prove that a prohibited fact motivated Defendant's alleged employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, Plaintiff's claims must fail.

11.   Plaintiff cannot demonstrate that, at all times relevant to his Complaint, he was a qualified individual with a disability, able to perform the essential functions of the employment position he sought with Defendant.

12.   Defendant was under no legal duty to change or eliminate any essential function of Plaintiff's sought employment position as an accommodation.

13.   Defendant had no legal duty to create a new position for Plaintiff as an accommodation.

14.   To the extent that Plaintiff's restrictions and limitations posed a direct threat to patient care that could not be accommodated as part of his employment, Defendant pleads the affirmative defense of Direct Threat.

15.   Plaintiff failed to comply with all conditions precedent and with all statutory requisites for filing the instant suit against Defendant.

16.   Plaintiff failed to exhaust his administrative remedies.

17.    Any claims which were not the subject of a timely Charge of Discrimination are barred.

18.    Any damages to which Plaintiff may be entitled under federal discrimination statutes are subject to a statutory cap.

19.    The standards and criterion that Defendant used with regard to Plaintiff's employment are job-related, required by law and consistent with business necessity.

20.    To the extent a reasonable accommodation could not be made, the Defendant specifically pleads the affirmative defense of undue hardship.

21.    Defendant's actions toward Plaintiff were taken based on bona fide occupational qualifications.

22.    Defendant engaged in good faith efforts to comply with the law.

23.    Plaintiff does not suffer from a serious medical condition as defined by applicable law.


Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**


Dated:  August 8, 2016              By:     _/(s)/ Christopher M. Curci_____
                                            JENNIFER L. WARD, ESQUIRE
                                            CHRISTOPHER M. CURCI, ESQUIRE
                                            Attorneys for Defendant,
                                            National Board of Osteopathic Medical
                                            Examiners, Inc.

## CERTIFICATE OF SERVICE

I, Christopher M. Curci, attorney for Defendant, National Board of Osteopathic Medical Examiners, Inc., hereby certify that on August 8, 2016, the foregoing Answer to Plaintiff's Complaint was electronically filed with the Court and served by electronic mail on the date set forth below upon the following:

Stewart C. Crawford, Jr., Esquire
THE LAW OFFICES OF STEWART C. CRAWFORD & ASSOCIATES
doing business as CRAWFORD LAW
55 N. Lansdowne Avenue
Lansdowne, Pa 19050

Dated:  August 8, 2016          By:     _/(s)/ Christopher M. Curci_____
                                        CHRISTOPHER M. CURCI

1689649_1.docx