**FREEMAN MATHIS & GARY, LLP**
Attorneys at Law
By:  **JENNIFER L. WARD, ESQUIRE**
      **CHRISTOPHER M. CURCI, ESQUIRE**
**Attorney ID Numbers: 85019/309820**
**1800 John F. Kennedy Blvd.**
**Suite 1500**
**Philadelphia, PA 19103**
**Phone: (267) 758-6009**
**Fax: (267) 239-0050**
**Emails: jward@fmglaw.com/ccurci@fmglaw.com**
**Attorneys for Defendant, National Board of Osteopathic Medical Examiners, Inc.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STANLEY A. STEIN,**<br><br>              **Plaintiff,**<br><br>v.<br><br>**NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, INC.,**<br><br>              **Defendant.** | Civil Action No: 2:16-cv-04119-TJS |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on August 11, 2016, and submit the following report of their meeting for the court's consideration:

**1.      Discussion of Claims, Defenses and Relevant Issues**

Defendant the National Board of Osteopathic Medical Examiners, Inc. ("NBOME") is a non-profit corporation whose mission is "to protect the public by providing the means to assess competencies of osteopathic medicine and related health care professions." NBOME develops, administers and reports the scored of the COMPLEX-USA series of examinations administered

to osteopathic medical students and graduates. Student's scores on NBOME's examinations are used primarily for state licensing purposes of osteopathic medical physicians.

One of the examinations is a performance evaluation examination, wherein "Standardized Patients" portray the role of a patient in a hypothetical case. The "Standardized Patients" are responsible for scoring the student test takers' performances in accordance with NBOME's established scoring protocol. This evaluation is referred to as the "Level 2-PE."

As part of the Level 2-PE, osteopathic students encounter twelve different Standardized Patients that vary in age, gender, and ethnic and cultural background. Plaintiff, Stanley A. Stein, applied for a Standardized Patient position to play the role of a mid-sixties patient. Ultimately, Plaintiff was not hired for this role by NBOME.

Plaintiff contends that he was initially hired (but then terminated) from the position due to discrimination based upon his age, and discrimination due to him having been diagnosed with "frontal lobe syndrome." In particular, Plaintiff points to certain remarks concerning his disability that were made by defendant at the time he was released. Defendant contends that Plaintiff was note hired because he was not qualified for the position. All applicants for a Standardized Patient position are required to complete a Global Patient Assessment ("GPA") training and pass the benchmark tests. Defendant contends that Plaintiff failed the GPA benchmark tests because Plaintiff could not demonstrate that he was competent to use the GPA tool and rubric for scoring medical student test takers, which is essential to objective and consistent scoring of the student test takers. Plaintiff has come to learn from the EEOC investigator that defendant may have lost or destroyed certain relevant evidence concerning these tests.

Defendant will be seeking discovery related to Plaintiff's front lobe syndrome, and whether it constitutes a serious medical condition under the ADA and PHRA. Defendant will also be seeking information related to Plaintiff's prior employment history and efforts to mitigate his damages, if any. Defendant believes this matter may disposed of at summary judgment.

**2.  Informal Disclosures**

Pursuant to the Court's Order, the parties will exchange the information required by Fed.R.Civ.P.26(a)(1) on or before **August 16, 2016.**

**3.  Formal Discovery**

a. Discovery is needed on the following subjects:

- Plaintiff's alleged Serious Medical Condition
- Plaintiff's calculation of damages
- Defendant's defenses to Plaintiff's claims
- Defendant's Business Record Retention

b. Discovery should not be conducted in phases or be limited to particular issues.

c. Proposed schedule:

(1) Fed.R.Civ.P. 26(a) Disclosures: **On or before August 16, 2016.**

(2) Attend Mediation: **On or before September 30, 2016.**

(2) Service of initial written discovery: **On or before October 15, 2016.**

(4) Maximum of **25** Interrogatories by each party to each other party. Plus Maximum of **25** Requests For Admissions and **25** Request for the Production of Documents.

(5) Maximum of **5** depositions to be taken by each party.

(6) Factual discovery to be completed by **December 31, 2016.**

(7) Expert discovery to be completed by **February 28, 2016**.

(8) Dispositive motions to be filed by **March 28, 2016.**

**4.     Electronic Discovery**

At this initial juncture, the parties agree that electronic discovery will consists largely of producing emails that may exist which are relevant to this matter. However, the parties reserve their respective rights to extend electronic discovery beyond e-mails if the need arises. Any emails or other electronic discovery will be produced in accordance with the Formal Discovery deadlines established by the Court.

**5.     Expert Witness Disclosures**

Defendant may retain an expert witness on the issue of Plaintiff's alleged damages, although no decision has been made at this time.

Plaintiff intends to retain an expert on wage loss damages but has not yet retained such an expert. Plaintiff does not intend at this juncture to retain an expert on liability.

**6.     Early Settlement or Resolution**

The parties are agreeable to participate in pre-discovery Mediation and Settlement Conferences.

**7.     Trial Date**

   The parties are not requesting a date certain.

Respectfully submitted,
**FREEMAN MATHIS & GARY, LLP**

By: _/(s)/ Christopher M. Curci_____
JENNIFER L. WARD, ESQUIRE
CHRISTOPHER M. CURCI, ESQUIRE
Attorneys for Defendant,
National Board of Osteopathic Medical
Examiners, Inc.

**THE LAW OFFICES OF STEWART C. CRAWFORD & ASSOCIATES**

By: _/s/ Stewart C. Crawford, Jr._____
STEWART C. CRAWFORD, JR., ESQUIRE
55 N. Lansdowne Avenue
Lansdowne, Pa 19050